IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANTHONY RICHARD HARRIS,

    Plaintiff,

v.                                Civil Action No. 3:18-cv-334

POSTMASTER GENERAL OF THE UNITED
STATES, MEGAN BRENNAN,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant Postmaster General Megan Brennan's MOTION TO DISMISS (ECF No. 6). Anthony Richard Harris has not filed a response to the motion to dismiss, and the time to do so has expired. For the following reasons, the MOTION TO DISMISS (ECF No. 6) will be granted, but the dismissal will be without prejudice.

## BACKGROUND

Harris is an employee of the United States Postal Service ("USPS") as a rural mail carrier. ECF No. 7 at 3. Harris filed an Equal Employment Opportunity ("EEO") complaint. He initially requested pre-complaint processing on October 26, 2017, and he was issued a notice of right to file an individual complaint of discrimination on November 25, 2017. ECF No. 7, Ex. 3 at 2-3. He filed a formal EEO complaint on November 29, 2017, claiming that

he was the subject of discrimination. ECF No. 7, Ex. 2 at 1. In the EEO complaint, Harris alleged that he was a victim of discrimination based on his age, race, and disability when "(1) [o]n July 21, 2017, his [Department of Labor, Office of Worker's Compensation Programs ("OWCP")] form 5c was altered; (2) [o]n or about August 8, 2017, his life insurance was reduced by OPM but OWCP refuses [sic] to make the adjustments to his compensation; (3) [o]n September 16, 2017, he received a modified job offer that stated he needed to accept or refuse the job by a date that pre-dated his receipt of the offer; and (4) [o]n October 17, 2017, a doctor's report was sent to OWCP stating that he is [sic] psychologically unfit to work." Id.

Those claims were reviewed by an EEO Services Analyst who determined: (1) that Harris's first two claims were untimely because Harris did not initiate contact with a counselor within 45 days of the alleged discriminatory incident, ECF No. 7, Ex. 3 at 2 (citing 29 C.F.R. § 1614.107(a)(2); 29 C.F.R. § 1614.105(a)(1)); and (2) that Harris had alleged discrimination related to policies under the OWCP and that the EEO process was not the proper forum in which to resolve claims about policy because those matters must be adjudicated by the Department of Labor. Id. at 2-3. Therefore, the EEO Services Analyst concluded that Harris failed to state a claim. Id. at 3 (citing 29 C.F.R. § 1614.107(a)(1)). The Office of Federal Operations at the Equal Employment Opportunity

Commission ("OFC-EEOC") agreed with the EEO Services Analyst and held that Harris's first two claims were untimely and that his second two failed to state a claim, because Harris was challenging actions "directly related to the adjudication of his worker's compensation claim." ECF No. 7, Ex. 2 at 2. In its denial, dated April 12, 2018, the OFC-EEOC noted, "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision." Id. at 3.

Harris, proceeding pro se, filed this complaint on May 18, 2018. His complaint is sparse and conclusory. As the basis for federal question jurisdiction, Harris contends that his case arises under "Title VII of the Civil Rights Act of 1964 (Title VII), as Amended, 42 U.SC. [sic] § 2000 et seq., Section 501 of the Rehabilitation Act of 1973 as Amended, 29 U.S.C. § 791 et seq., and The Age Distrimination [sic] in Employment Act of 1967 (ADEA) As Amended, 29 U.S.C. § 621 et seq." ECF No. 1 at 3.[1] As the basis for his claim, Harris says only that his "Claim is Based on The Extreme Harrasment [sic] and Threats That I Endured From July-13-2017 Thru Dec-1-2017 From my Ageny [sic] and Employer US Postal Service That has caused Emotional Distress and has worsened my

---

[1] All quoted portions of the Complaint are capitalized as Harris wrote it.

3

service connected PTSD To The point of not being able to work."
ECF No. 1 at 4.

Brennan filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 6.

**DISCUSSION**

**A.  Brennan's Subject Matter Jurisdiction Challenge is Better Suited as a Failure to State a Claim Challenge.**

Because a lack of subject matter jurisdiction means that a court has no power to hear a case, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), the Court addresses Brennan's challenge here first. Brennan argues that Harris's failure to exhaust his administrative remedies means that the Court lacks subject matter jurisdiction. But the Fourth Circuit held otherwise in Zografov v. V.A. Medical Center, 779 F.2d 967 (4th Cir. 1985). In Zografov, the Fourth Circuit held that a plaintiff's failure to exhaust could subject that plaintiff to estoppel, but it concluded that the failure to exhaust administrative regulations did not affect the district court's subject matter jurisdiction. Id. at 969. Therefore, even assuming that Harris failed to exhaust his remedies (which it appears that he has, at least for his first two alleged discriminatory actions), the Court would consider Brennan's defense under Rule 12(b)(6) for failure to state a claim rather than Rule 12(b)(1) for lack of subject matter jurisdiction.

Because the Court grants the motion to dismiss on a separate Rule 12(b)(6) ground—that Harris fails to state a claim because he alleges no facts as to how Brennan or anyone at USPS discriminated against him—the Court need not decide whether Harris failed to exhaust his remedies. Thus, the Court will not grant Brennan's motion to dismiss based on subject matter jurisdiction.

**B.   Legal Standard for Rule 12(b)(6)**

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). But the Court does not need to accept the plaintiff's legal conclusions drawn from those facts. Id. The Court can take judicial notice of matters of public record, and it can consider documents attached to the complaint and motions to dismiss "so long as they are integral to the complaint and authentic." Id.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. But it does require "more than labels and conclusions, and a

5

formulaic recitation of the elements of a cause of action will not do." Id. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The plausibility standard requires "more than a sheer possibility that a defendant acted unlawfully." Id.

Courts construe pro se complaints liberally. As the Supreme Court has instructed, "[a] document filed pro se 'is to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

C. **Harris Fails to State a Claim.**

Here, Harris's complaint fails to allege any facts showing that USPS discriminated against him. The complaint contains only conclusory allegations that Harris received "[t]hreats" and was the subject of "[e]xtreme [h]arasment [sic]" that caused "[e]motional [d]istress . . . [t]o [t]he point of not being able to work." ECF No. 4. This information is not enough to survive a motion to dismiss under Twombly and Iqbal because Harris does not provide fair notice as to what actions were taken against him

6

that were discriminatory or how Brennan or anyone in the USPS is liable for such actions. Harris must allege "sufficient factual matter" that shows how USPS violated his rights under the listed statutes and why he should be given the relief he requests. See Iqbal, 556 U.S. at 678. Thus, Brennan's motion to dismiss will be granted under Rule 12(b)(6).

**CONCLUSION**

Harris fails to allege any facts showing how anyone at USPS discriminated against him or why Brennan should be liable under Title VII, Section 501 of the Rehabilitation Act of 1973, or the ADEA. Therefore, Brennan's MOTION TO DISMISS (ECF No. 6) will be granted, but the dismissal will be without prejudice.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 14, 2019